UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LOUKAS,

       Petitioner,                                Case No. 05-CV-74272-DT
                                                   Honorable Avern Cohn

v.

WILLIE O. SMITH,

       Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION

**I.**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Michael Loukas (Petitioner) is a state inmate at the Marquette Branch Prison in Marquette, Michigan. Petitioner filed a petition for a writ of habeas corpus, claiming that he is incarcerated in violation of his constitutional rights. Respondent, through the Attorney General's office, has filed a motion to dismiss the petition for failure to comply with the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). For the reasons which follow, the motion is GRANTED and the petition is DISMISSED.

**II.**

Following a jury trial in Wayne County Circuit Court, on November 1, 1983, Petitioner was convicted of armed robbery and felony firearm. He was sentenced to twenty to forty years' imprisonment and two years' consecutive imprisonment.

Petitioner filed his claim of appeal to the Michigan Court of Appeals within the

appropriate time, and on July 2, 1986, the court of appeals affirmed his convictions. *People v. Loukas*, No. 86013 (Mich.App. July 2, 1986). Subsequently, Petitioner filed an application for leave to appeal to the Michigan Supreme Court, which was denied on December 3, 1986. *People v. Loukas*, No. 179293 (Mich. Dec. 3, 1986).

On March 19, 2004, Petitioner filed a motion for relief from judgment, which the trial court denied. *People v. Loukas*, 83-373-598 FR (Wayne County Circuit Court Aug. 13, 2004). Petitioner then filed an application for leave to appeal from that decision in the Michigan Court of Appeals, and subsequently, in the Michigan Supreme Court. Both courts denied leave to appeal. *People v. Loukas*, No. 258045 (Mich. Ct. App. Apr. 7, 2005); *People v. Loukas*, 474 Mich. 902 (Mich. Oct. 31, 2005).

On November 3, 2005, Petitioner filed the instant petition.

### III.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on petitions. 28 U.S.C. § 2244(d)(1). Petitioner's application for habeas corpus relief was filed after April 24, 1996. Therefore, the provisions of the AEDPA, including the limitations period for filing habeas corpus relief, applies to Petitioner's application. *Lindh v. Murphy*, 521 U.S. 320, 337 (1997).

The statute of limitations runs from the latest of: a) the date on which the judgment became final, i.e., when time for seeking direct review has expired; b) the date on which any impediment to filing the application was removed by the state; c) the date on which a newly enacted constitutional right was created and made retroactive to cases on collateral review; and d) the date on which the factual predicate of the claim or

claims presented could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Here, Petitioner's conviction became final before the AEDPA's April 24, 1996, effective date. Therefore, absent state collateral review, Petitioner had one year, or until April 24, 1997, to file his petition. *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001).

Here, the limitations period in Petitioner's case commenced on April 24, 1996, and continued to run, uninterrupted, until it expired on April 24, 1997. Although Petitioner sought state collateral review of his convictions by filing a motion for relief from judgment, he did not file the motion until March 19, 2004. By that time, the statute of limitations had already expired. As such, the motion for relief from judgment had no effect on the statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002).

Petitioner argues that, even if his petition for a writ of habeas corpus was untimely, he should be entitled to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Court of Appeals for the Sixth Circuit held that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

3

*Dunlap*, *supra* at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000). The *Dunlap* Court has cautioned, however, "that equitable tolling relief should only be granted sparingly." *Dunlap*, *supra* at 1008. The decision whether to equitably toll a period of limitations is decided on a case-by-case basis. *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002)*.*

Petitioner asserts three reasons why the limitations period should be equitably tolled. First, Petitioner argues that the AEDPA should not be applied retroactively. This argument lacks merit, as the statute allows petitioners whose convictions became final before the effective date of the AEDPA one year (from April 24, 1996, until April 24, 1997) in which to file a petition.

Second, Petitioner argues that the state created an impediment to filing his habeas petition. Petitioner was part of a class-action lawsuit against the Michigan Department of Corrections concerning prisoners' denials of access to the courts, which he contends impeded in his access to file a timely petition. However, a settlement agreement was reached between the prisoners and the Department of Corrections on September 2, 2003. Yet, Petitioner did not file his petition until November 3, 2005, two years after the agreement was reached.

Finally, Petitioner contends that his appellate counsel was ineffective for not filing the constitutional claims set forth in his habeas petition in his right of appeal. This

argument is inapposite to Petitioner's failure to file a timely petition.

      Petitioner has not carried his burden.  He has not shown diligence in seeking relief.  He waited eight years before filing a motion for relief from judgment and makes no attempt to explain the delay.  He has not asserted or supported any grounds to avoid the application of the statute of limitations to the petition.  Accordingly, Petitioner is not entitled to equitable tolling.

      SO ORDERED.


Dated:  June 1, 2006                 s/Avern Cohn
                                      AVERN COHN
                                      UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 1, 2006, by electronic and/or ordinary mail.

                                       s/Julie Owens
                                      Case Manager
                                      (313) 234-5160