UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LOUKAS,

       Petitioner,                                    Case No. 05-CV-74272-DT
                                                    HONORABLE AVERN COHN

v.

WILLIE O. SMITH,

       Respondent.
_____/

## ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY

**I.**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Michael Loukas (Petitioner) filed a petition for a writ of habeas corpus, claiming that he is incarcerated in violation of his constitutional rights. The Court dismissed the petition on the grounds that Petitioner failed to comply with the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). See Memorandum and Order filed June 1, 2006.

Before the Court is Petitioner's motion for a certificate of appealability. For the reasons which follow, the motion is DENIED.

**II.**

Before Petitioner can appeal the Court's decision, a certificate of appealability under 28 U.S.C. § 2254(c)(1)(A) and Fed. R. App. P. 22(b) must issue. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here,

the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)).

The Supreme Court has explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  "A prisoner seeking a certificate of appealability must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'"  A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the certificate of appealability has been granted and the case has received full consideration, that petitioner will not prevail."  Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a certificate of appealability. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam).  Where a petitioner files a notice of appeal, the Court must issue an order granting or denying a certificate of appealability.  See Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

In his motion, Petitioner seeks a certificate of appealability on issues related to the statute of limitations and on the substantive issues raised in the petition.  As explained in the Court's June 1, 2006 order, Petitioner's petition was untimely filed and he failed to demonstrate any grounds for tolling the statute of limitations.  Reasonable

jurists would not debate that the petition is time barred or find that Petitioner's claims deserve to proceed further. Accordingly, Petitioner's motion for a certificate of appealability is DENIED.

    SO ORDERED.


Dated:  June 26, 2006                    s/Avern Cohn
                                        AVERN COHN
                                        UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 26, 2006, by electronic and/or ordinary mail.

                                        s/Julie Owens
                                        Case Manager
                                        (313) 234-5160