UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LOUKAS,

    Petitioner,                                Case No. 05-CV-74272-DT
                                                      HON. AVERN COHN

v.

WILLIE O. SMITH,

    Respondent.
_____/

## ORDER DENYING MOTION FOR A CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Michael Loukas (Petitioner) filed a petition for a writ of habeas corpus, claiming that he is incarcerated in violation of his constitutional rights. Respondent, through the Attorney General's office, filed a motion to dismiss the petition for failure to comply with the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). The Court granted the motion. See Order filed June 1, 2006. The Court also denied a certificate of appealability. See Order filed June 26, 2006. Petitioner then filed a motion under Fed. R. Civ. P. 60 (b)(6) asking that the June 1, 2006 Order be set aside on the grounds that equitable tolling should apply to his case. The Court denied the motion. See Order filed November 2, 2006. Petitioner has now filed a motion for a certificate of appealability, seeking to appeal the Court's Order denying his Rule 60(b) motion.

II.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. *See* 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.2d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal is warranted. *Id.*

III.

Petitioner's motion for relief from judgment, although brought under Federal Rule

2

of Civil Procedure 60(b), actually sought reconsideration of this Court's dismissal of his habeas petition. In denying the motion, the Court explained that Petitioner failed to offer any arguments which were not already previously considered and rejected in its June 1, 2006 Order. Indeed, the Court explicitly explained in the June 1, 2006 Order why Petitioner was not entitled to equitable tolling.

As such, Petitioner has not made a substantial showing of the denial of a constitutional right as to the denial of his motion for relief from judgment, nor has he demonstrated that reasonable jurists would find it debatable that his habeas claims are barred by the statute of limitations.

Accordingly, Petitioner's motion for a certificate of appealability is DENIED.

SO ORDERED.

                                   s/Avern Cohn  
                                   AVERN COHN  
                                   UNITED STATES DISTRICT JUDGE

Dated: November 22, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, November 22, 2006, by electronic and/or ordinary mail.

                                   s/Julie Owens  
                                   Case Manager, (313) 234-5160